**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIE DEWAYNE SMITH,** | ) | |
| **ID # 59847-077,** | ) | |
| **Movant,** | ) | |
| **vs.** | ) | **No. 3:16-CV-2128-N-BH** |
| | ) | **No. 3:91-CR-047-N** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DISMISSED** for lack of jurisdiction.

## I.  BACKGROUND

Willie Dewayne Smith (Movant) challenges his federal conviction and sentence in Cause No. 3:91-CR-47-N.  The respondent is the United States of America (Government).

In 1992, Movant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), possessing with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and using or carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  (*See* doc. 24 at 11.)[1]  On July 23, 1992, the United States Probation Office (USPO) prepared a Presentence Report (PSR) in which it found that Movant was an armed career criminal whose federal conviction under 18 U.S.C. § 924(e) subjected him to an enhanced sentence.  (*See* doc. 16 at 4, ¶ 17.)  His criminal history included a prior 1966 Texas conviction for burglary.  (*See id*. at 6, ¶ 35.)  He was sentenced in August 1992.

---

[1]  Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:91-CR-47-N.

Based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), Movant sought authorization from the Fifth Circuit Court of Appeals to file a successive § 2255 motion on grounds that he had been improperly sentenced under the Armed Career Criminal Act (ACCA). He contended that his prior Texas conviction for burglary was no longer a violent felony under ACCA. (*See* 3:16-CV-2128-N, doc. 1 at 1.) The Fifth Circuit tentatively granted authorization to file a successive § 2255 motion, stating that this court must dismiss the § 2255 motion without reaching the merits if it finds that Movant failed to make the necessary showing to file a successive motion. (*See id.* at 2.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The requirement that a movant present all available claims related to his conviction or sentence in his first § 2255 motion "serves the singularly salutary purpose of forcing federal

habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." *Id.* at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

The Fifth Circuit Court of Appeals "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Next, the movant "must actually prove at the district court level that the relief he seeks relies on a new, retroactive rule of constitutional law or on new discovered evidence." *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). If a movant does not show that he meets the requirements for filing a successive § 2255 motion, the motion must be dismissed for lack of jurisdiction. *See id.* at 723-24.

Here, Movant received authorization from the Fifth Circuit to file a successive § 2255 motion based on its finding that he made a prima facie showing of a new retroactive rule of constitutional law based on *Johnson*. (doc. 1 at 1.) The grant of authorization was "tentative," however, in that he must still make the necessary showing to file a successive motion in order for this Court to reach the merits of his claim. (*Id.*)

### III. ARMED CAREER CRIMINAL ACT

Relying on *Johnson,* Movant claims that his prior 1966 Texas conviction for burglary was

erroneously used to enhance his sentence under ACCA.

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," [Section 924 of] the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows:
>
> > any crime punishable by imprisonment for a term exceeding one year ... that—
> >
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. § 924(e)(2)(B) (emphasis added).

*Johnson,* 135 S.Ct. at 2555-56. Subsection (i) is known as either the force clause, *United States v. Lerma*, 877 F.3d 628, 630 (5th Cir. 2017), or as the elements clause, *United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017). The four offenses listed in subsection (ii) are referred to as the "enumerated offenses," *see United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007), and the part of the section listing those offenses is known as the "enumerated offenses clause," *Taylor*, 873 F.3d at 477 n.1. The remainder of subsection (ii) is known as the "residual clause," *Johnson,* 135 S.Ct. 2555-56.

    *Johnson* held that the imposition of an increased sentenced under ACCA's residual clause violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563.[2] After *Johnson*, a crime is a violent felony under ACCA only if it is one of the enumerated offenses, or if it qualifies under the force clause. *United States v.*

---

[2] This holding is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

*Moore*, 711 F. App'x 757, 759 (5th Cir. 2017) (per curiam).

Movant was convicted of burglary, which is one of the enumerated offenses. The dispositive question for jurisdictional purposes, i.e., determining whether Movant meets the requirements for filing a successive § 2255 motion, is whether his sentence was imposed under the enumerated offenses clause or the residual clause. *See Wiese*, 896 F.3d at 724. Courts "must look to the law at the time of sentencing" to make this determination. *Id.* They may also consider (1) the sentencing record, and (2) the relevant background legal environment at the time of sentencing, including the presentence report and other relevant materials. *Id.* at 725. The appropriate standard for deciding whether a district court relied on the residual clause appears to be "more likely than not." *See id.* at 724.[3] If it is more likely than not that the sentencing court did not rely on the residual clause, a movant has not met the requirements for filing a successive § 2255 motion, and the court lacks jurisdiction to reach the merits. *See id* at 726.

### IV.  TEXAS BURGLARY STATUTE

As noted, Movant was convicted of an enumerated offense. ACCA does not include every variant of an enumerated offense, however, but only the "usual" or "generic" version, "i.e., the offense as commonly understood." *Mathis v. United States*, 136 S.Ct. 2243, 2247-48 (2016). The elements of generic burglary include an "'unlawful or unprivileged entry into ... a building or other structure, with intent to commit a crime.'" *See id.* at 2248 (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). In order for a burglary conviction under Texas law to qualify as a violent felony under the enumerated offenses clause, the offense of conviction must include those elements. *See id*.

---

[3]  The court found it unnecessary to definitively decide whether the appropriate standard was the "more likely than not" standard because the movant would not prevail under the more lenient "may have" standard. *See id*. at 724.

Movant was convicted of Tex. Penal Code art. 1389, which provided that "[t]he offense of burglary is constituted by entering a house by force, threats or fraud, at night, or in like manner by entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft." *United States v. Prejean*, 494 F.2d 495 (5th Cir. 1974) (citing Tex. Penal Code art. 1389 (1953)).[4]  A conviction under that statute qualified as a generic burglary under *Taylor* at the time of Movant's federal sentencing in 1992.  *See United States v. Webb*, 950 F.2d 226, 231 n.5 (5th Cir. 1991) (the Texas burglary statute (former art. 1389) "comports with the requirements of *Taylor*" for a generic burglary).

In *Wiese*, the movant alleged, as does Movant, that his prior conviction for Texas burglary had been erroneously used to enhance his sentence under ACCA in light of *Johnson*.  896 F.3d at 721-23.  The Fifth Circuit found that when the movant was sentenced in 2003, burglary in Texas (Tex. Penal Code § 30.02) was considered to be a generic burglary that fell within the enumerated offenses clause.  *See id*. (citing *United States v. Silva*, 957 F.2d 157 (5th Cir. 1992)).  In light of the case law at the time of sentencing, it concluded that he had not shown that it was more likely than not that the sentencing court had or might have relied on ACCA's residual clause.  *See id*.  The court therefore found that the movant had not met the requirements for filing a successive § 2255 motion, and that the district court lacked jurisdiction to reach the merits.  *See id*. at 726.

As in *Wiese*, because burglary under art. 1389 was a generic burglary that qualified as an enumerated offense at the time of Movant's sentencing, he has not shown that it is more likely than not that the sentencing court relied or might have relied on the residual clause in finding that his conviction for Texas burglary qualified as a violent felony under ACCA.  *See* 896 F.3d at 726.  He

---

[4]  The Texas burglary statute is now codified at Tex. Penal Code § 30.02.

has not shown that there is anything in the sentencing record, the relevant background legal environment, or otherwise, which suggests that the sentencing court relied on the residual clause. His § 2255 motion should therefore be dismissed for lack of jurisdiction. *See id.*

## V. *HERROLD*

Movant also argues in a *Notice of Supplemental Authority* that his prior burglary convictions were not violent felonies in light of *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018). (*See* doc. 23.) In *Herrold*, the Fifth Circuit overruled prior case law and held that a burglary conviction under Tex. Penal Code § 30.02 does not qualify as a violent felony under ACCA's enumerated offenses clause. *See id.* at 529; *see also United States v. Castro*, ___ F. App'x ___, No. 17-50447, 2018 WL 4870859 at *1 (5th Cir. Oct. 8, 2018) (§ 2255 movant's "ACCA sentence cannot stand under the enumerated offenses clause" where the predicate convictions were for Texas burglary).

The Fifth Circuit did not authorize Movant to present a claim based on *Herrold*, which was decided after it authorized him to file a successive motion to vacate based on *Johnson*, so this Court lacks jurisdiction to consider the claim. *See Fulton*, 780 F.3d at 686. His *Herrold* claim does not implicitly present a *Johnson* claim: "*Johnson* only applied to the residual clause and cannot be used to attack sentences under the enumerated offenses clause." *Wiese*, 896 F.3d at 726.

Moreover, *Herrold* cannot be the basis for a successive § 2255 motion. A movant may proceed with a successive § 2255(h) motion if it relies on "a new rule of constitutional law, made retroactive to cases on collateral review *by the Supreme Court*, that was previously unavailable." 28 U.S.C. § 2255(h) (emphasis added). *Herrold* was decided by the Fifth Circuit; it "does not allow the filing of a successive motion for postconviction relief because it is not a constitutional ruling made retroactive by the Supreme Court." *United States v. (Roland) Castro*, ___ F. App'x ___, No. 17-40312, 2018 WL 6070373 at *1 (5th Cir. Nov. 20, 2018); *see also Wiese*, 896 F.3d at 725-26.

In *(Roland) Castro* and *Wiese*, the Fifth Circuit held that because *Herrold* was not a basis for a successive § 2255 motion, district courts lacked jurisdiction over successive § 2255 motions raising *Herrold* claims regarding the use of burglary convictions for enhancement under the enumerated offenses clause.  This Court likewise lacks jurisdiction over Movant's *Herrold* claim.

## VI.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DISMISSED** for lack of jurisdiction.

**SO RECOMMENDED** this 3rd day of January, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8